IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | No. 12-40035-01-JAR |
| ) | |
| BRIGAMH G. RUIZ, ) | |
| Defendant. ) | |

**GENERAL ORDER OF DISCOVERY AND SCHEDULING**

In the interests of justice and judicial economy, the Court enters the following general order of discovery and scheduling which will apply to the charges and to any superceding charges in this case. In general, the Court will order the parties to comply with Rules 12, 12.1, 12.2, 12.3, 12.4, 16 and 26.2 of the Federal Rules of Criminal Procedure, with Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972) and their progeny and with Title 18, U.S.C. § 3500, as well as Rule 404(b), Federal Rules of Evidence. A request is not necessary to trigger the operation of the Rules and the absence of a request may not be asserted as a reason for noncompliance. A principal purpose of this order is to reduce or eliminate the filing of "boilerplate" discovery motions and motions for extension of time. Counsel are expected to communicate with each other regarding discovery so that the requirements of this order may be met without unnecessary motion practice. Nothing in this order is intended to deter the voluntary exchange of information between counsel at times sooner than those specified, which the court encourages.

**Disclosure by the Government**

Within a reasonable time period after arraignment, and no later than 20 days before the motions deadline (see below), and with or without request by the defendant, the government shall comply with Rules 12(b)(4)(A)and(B) and 16, and Brady/Giglio. Pursuant to Rule 16(a), the government shall copy

for the defendant or permit the defendant to inspect and copy or photograph:

1. Any relevant written or recorded statements made by the defendant, including grand jury testimony, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

2. The substance of any oral statement (including the portion of any written record of such statement) which the government intends to offer in evidence at the trial, if such statement was made by the defendant either before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3. A copy of defendant's prior criminal record, if any, within the possession, custody or control of the government or the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

4. Any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, or the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, subject to these limitations: the item is material to preparing the defense; or the government intends to use the item in its case-in-chief at trial; or the item was obtained from or belongs to the defendant.

5. Any results or reports of physical or mental examinations and/or scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of a defense or are intended for use by the government as evidence in its case-in-chief at trial.

6. A written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. Such summary must describe the witnesses' opinion, the basis and reasons therefor, and the witnesses' qualifications.

Pursuant to Brady and Giglio and their progeny, the government shall produce any and all evidence in its possession, custody or control which would tend to exculpate the defendant (that is,

evidence which is favorable and material to a defense), or which would constitute impeachment of government witnesses, or which would serve to mitigate punishment, if any, which may be imposed in this case. This includes and is not limited to the following:

1. Any evidence tending to show threats, promises, payments or inducements made by the government or any agent thereof which would bear upon the credibility of any government witness.

2. Any statement of any government witness which is inconsistent with a statement by the witness which led to the indictment in this case.

3. Any statement of any government witness which the attorney for the government knows or reasonably believes will be inconsistent with the witness' testimony at trial.

4. Any prior conviction of any government witness, which involved dishonesty or false statement, or for which the penalty was death or imprisonment in excess of one year under the law under which he was convicted.

5. Any pending felony charges against any government witness.

6. Any specific instances of the conduct of any government witness which would tend to show character for untruthfulness.

Subject to the requirements of Brady, Giglio and pursuant to 18 U.S.C. § 3500 and Rule 26.2, the government may decline to disclose pretrial statements of any of its witnesses until each such witness has concluded his or her direct examination at trial. At that time, the government shall produce the witness' prior statements that are in its possession and which relate to the witness' testimony. The Court nevertheless urges both parties to provide the statements at least 48 hours prior to the witness' scheduled appearance.

The government shall provide to the defendant the general nature of other crimes, wrongs or acts of the defendant which the government intends to use at trial of the case pursuant to Rule 404(b). The government shall provide this information at least 14 days prior to trial. No later than 7 days prior to trial, the defendant shall file any motion objecting to the use of such evidence. No later than 3 days prior to trial the government shall file any response to such motion. The motion shall state whether the defendant requests an evidentiary hearing.

### Disclosure by the Defendant

With or without request by the government, the government is granted discovery of the items subject to reciprocal discovery under Rule 16(b), and the defendant shall disclose such items within a reasonable time following Rule 16 disclosures by the government.

### Parties' Continuing Duty of Disclosure

It shall be the continuing duty of counsel for all parties to immediately reveal to opposing counsel any newly discovered information or other material within the scope of this order.

### Discovery Not Covered by This Order

Should the government or the defendant require additional discovery not covered by this order, the party shall file a motion requesting the specific discovery along with proper memorandum and specific citations setting forth the authority for the request. The motion shall also set forth the party's good faith efforts to obtain such discovery before filing the motion.

Motions

With the exception of limine motions, objections to 404(b) evidence and submissions of proposed voir dire and jury instructions, the defendant shall file all motions and notices by **May 7, 2012.** The government shall respond by **May 14, 2012.**

### Limine Motions, Proposed Voir Dire and Instructions

All motions in limine, proposed voir dire questions and proposed jury instructions (other than the Court's standard and stock instructions) shall be filed no later than 7 days before trial. Any objections to motions in limine, proposed voir dire questions or proposed jury instructions, shall be filed no later than 3 days before trial. For further instructions, the parties are directed to the *Guidelines for Civil and Criminal Proceedings Before Judge Julie Robinson*, which is posted under the Chambers section of the Court's website at www.ksd.uscourts.gov.

### Miscellaneous Requirements

The original arraignment date governs the times specified herein. The times specified are based on calendar days, <u>not</u> Fed. R. Crim. P. 45. If the date for compliance falls on a Saturday, Sunday or legal holiday, it shall be extended until the first day which is not one of these dates.

The times will not be automatically modified, suspended, extended or restarted by the filing of additional or superceding charges. D. Kan. R. Cr. 50.1. If the filing of additional or superceding charges causes the government or the defendant to believe a modification of the time limits is required, counsel shall promptly request a status conference. The defendant's presence will not be required at the hearing. Rule 43(c)(1)(3).

The word "file" as used throughout this order means filed in the clerk's office, not mailed; and effective May 20, 2003, means filed in accordance with the Court's published orders, procedures or rules concerning the filing, signing and verifying pleadings and papers by electronic means in criminal cases.

Whenever a defendant or witness has need for out of court services of an interpreter, the attorney whose client or witness will require the interpreter shall be responsible for arranging for the services of a competent interpreter. A defendant with retained counsel shall be responsible for obtaining and paying for services of an interpreter whose sole function is to interpret for the defendant.

### Change of Pleas

Counsel shall notify the Court as soon as a plea agreement is reached so that the case may be taken off the trial docket and set for a hearing on the change of plea.

### Motions Hearing & Trial Date

**The parties shall appear before this Court on May 21, 2012 at 9:00 a.m. for a mandatory hearing.** If there are pending motions, the court will hear the motions at that time. If the defendant(s) is prepared to enter a change of plea, the court will hear the change of plea at that time. If there are no motions pending, and no change of plea at that time, the Court will conduct a pretrial or status conference at that time. **This is a mandatory hearing no matter the status of the case.** This case is set for trial on a trial calendar commencing on **May 29, 2012 at 9:00 a.m.** Csel are directed to contact the Courtroom Deputy Clerk assigned to Judge Robinson for a copy of the trailing calendar notice and further information about the status of and the order in which the cases will be called for trial.

IT IS SO ORDERED.

Dated: March 16, 2012

                S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE